[Cite as *Volpe v. Heather Knoll Retirement Village, Inc.*, 2012-Ohio-5404.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STAN VOLPE

     Appellee

     v.

HEATHER KNOLL RETIREMENT
VILLAGE, et al.

     Appellants

C.A. No.     26215


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 08 01 0471

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}     Robin Volpe died a few days after she fell at the Heather Knoll Retirement Village where she was a resident.  Her husband Stan sued Heather Knoll and related entities, alleging negligence and wrongful death.  Before trial, the court prohibited Heather Knoll from calling the expert witnesses it had hired because it had not timely supplemented Mr. Volpe's discovery requests.  A jury found Heather Knoll liable and awarded Mr. Volpe over one million dollars in damages.  It did not award any punitive damages.  Heather Knoll has appealed, assigning as error that the trial court incorrectly excluded its expert witnesses, incorrectly denied its motion for new trial, incorrectly allowed Mr. Volpe to introduce hearsay evidence, and incorrectly failed to direct a verdict on the issue of punitive damages.  We affirm because the court exercised proper discretion when it sanctioned Heather Knoll for its discovery violation, we may not review issues regarding judicial bias, Heather Knoll conceded that the hearsay

statements were admissible, and Heather Knoll has not demonstrated that the court's failure to direct a verdict for it on punitive damages affected its substantial rights.

## EXCLUSION OF EXPERT WITNESS

{¶2} Heather Knoll's first assignment of error is that the trial court incorrectly excluded its expert witnesses. It has argued that it was inappropriate for the court to impose such a severe sanction on it when the court never set a specific expert-witness deadline.

{¶3} Mr. Volpe filed his complaint in this action in January 2008. Heather Knoll submitted its answer the following month. Two months after that, Mr. Volpe served discovery requests on Heather Knoll, including an interrogatory that asked for the name and address of each person Heather Knoll intended to call as an expert witness, as well as the subject on which the expert would testify. Heather Knoll answered that its experts were "[u]nknown at this time." Two years later, the court set the case for trial. Two months before the trial date, Mr. Volpe requested that Heather Knoll supplement its discovery responses. Heather Knoll did not update its answer regarding expert witnesses until a week before trial when it emailed an expert report to Mr. Volpe. The next day, at the final pretrial conference, Heather Knoll disclosed another expert that it intended to call. That same day, Mr. Volpe moved to exclude both experts, arguing unfair surprise. The court granted his motion because it found that Heather Knoll had failed to timely supplement its answer to the interrogatory.

{¶4} Under Rule 26(E)(1)(b) of the Ohio Rules of Civil Procedure, "[a] party who has responded to a request for discovery with a response that was complete when made is . . . under a duty seasonably to supplement his response with respect to any question directly addressed to . . . the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify." In *Jones v. Murphy*, 12 Ohio St. 3d 84 (1984), the

Ohio Supreme Court held that "[Civil Rule] 37 permits the exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of [Civil Rule] 26(E)(1)(b)." *Id.* at syllabus.

{¶5}    Heather Knoll has argued that the trial court's sanction was too severe for the circumstances. It has noted that there was no order specifically setting a deadline for identifying expert witnesses. According to Heather Knoll, because there was no separate expert-witness deadline, experts were subject to the same identification deadline as other witnesses, which was the date of the final pretrial. It has cited this Court's decision in *Beckman v. Yellow Freight Systems Inc.*, 9th Dist. No. 17845, 1997 WL 72104 (Feb. 12, 1997), for the proposition that, if the court does not set a specific expert-witness deadline, a party's "only duty is to timely advise the opposing party once [the experts] have been retained." It has further argued that it did not exhibit a pattern of misconduct and that the court's decision unfairly punishes it for the acts of its lawyer.

{¶6}    According to Heather Knoll's brief in opposition to Mr. Volpe's motion to exclude, Heather Knoll retained Kathleen Meyer, a registered nurse, on or before December 13, 2010. Despite having a duty to seasonally supplement its interrogatory answer, it failed to tell Mr. Volpe that it had hired Ms. Meyer until January 3, 2011, which was only a week before trial. The other expert the court excluded was Mary Hahn, a nurse who worked for Heather Knoll's parent company for several years, including at Heather Knoll at the time of Mrs. Volpe's fall. While Heather Knoll did not indicate the exact date that it retained Ms. Hahn as an expert for the case, it implied that it was before it had hired Ms. Meyer. According to Heather Knoll, it decided to hire Ms. Meyer in December 2010 "instead of relying just on [Ms.] Hahn."

**{¶7}** In his motion to exclude expert witnesses, Mr. Volpe argued that Heather Knoll's failure to disclose its experts until a week before trial prevented him from learning what their opinions were and preparing a rebuttal. In its order granting the motion, the trial court noted that, not only had Heather Knoll not identified any experts until a week before trial, it had not even informed Mr. Volpe that it was planning to obtain expert testimony. It found that Heather Knoll's violation of Civil Rule 26(E)(1)(b) was "intentional" and determined that exclusion of the witnesses was necessary in order to not "eviscerate the scheme of discovery sanctions established by the civil rules."

**{¶8}** Heather Knoll has argued that the court could have prevented any prejudice to Mr. Volpe by continuing the trial date or ordering Heather Knoll to make its experts available for deposition before trial. Under the circumstances, however, it was reasonable for the trial court to exclude Heather Knoll's experts. At the time that Heather Knoll disclosed its experts, Mr. Volpe's case had been pending for almost three years and the trial date had already been continued once. While Mr. Volpe may have been able to depose the witnesses at some point during the week before trial, he would also have had to brief his expert on their testimony and, possibly, significantly revise his trial strategy. It would have been unfair to impose those conditions on Mr. Volpe when it was Heather Knoll's malfeasance that created the circumstance.

**{¶9}** Upon review of the record, we conclude that the trial court exercised appropriate discretion when it excluded Heather Knoll's expert witnesses as a sanction for Heather Knoll's failure to timely supplement Mr. Volpe's discovery requests. Heather Knoll's first assignment of error is overruled.

## JUDICIAL BIAS

{¶10} Heather Knoll's second assignment of error is that the trial court incorrectly denied its motion for new trial based on claimed irregularity of the proceedings. It has argued that the court should have granted its motion because the court had displayed open hostility toward its lawyer and other bias during the trial.

{¶11} In its motion for new trial, Heather Knoll had only argued that the court should award it a new trial because the court had improperly excluded its expert witnesses. It, therefore, has not preserved its bias argument for appeal. *See Holman v. Grandview Hosp. & Med. Ctr.*, 37 Ohio App. 3d 151, 157 (2d Dist. 1987) ("Issues not raised . . . in the trial court cannot be raised for the first time on appeal."). Even if it had preserved its argument, this Court would not have authority to review it. Under Section 2701.03(A) of the Ohio Revised Code, "[i]f a party believes that a common-pleas-court judge is prejudiced or has exhibited bias, [it] may file an affidavit of disqualification under Section 2701.03 of the Ohio Revised Code." *Myers v. Myers*, 9th Dist. No. 25997, 2012-Ohio-2282, ¶ 17; R.C. 2701.03(A). An Ohio district court of appeals "has no authority to render a decision with regard to disqualification, or to void a trial court's judgment on the basis of personal bias or prejudice on the part of a trial judge." *State v. Hunter*, 151 Ohio App. 3d 276, 2002-Ohio-7326, ¶ 18 (9th Dist.) (citation omitted) (citing *Beer v. Griffith*, 54 Ohio St. 2d 440, 441-42 (1978)). Accordingly, we do not have authority to address Heather Knoll's impartiality argument or to overturn the trial court's judgment for that reason. *Shih v. Byron*, 9th Dist. No. 25319, 2011-Ohio-2766, ¶ 24 ("It is not the role of this Court to make a determination as to whether the trial court exhibited a bias against a party."). Heather Knoll's second assignment of error is overruled.

## HEARSAY

**{¶12}** Heather Knoll's third assignment of error is that the trial court incorrectly allowed Mr. Volpe and his wife's sons to testify about what Mrs. Volpe told them about the cause of her fall. It has argued that their testimony was hearsay that was not admissible as the statement of a deceased person under Rule 804(B)(5) of the Ohio Rules of Evidence.

**{¶13}** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). Under Evidence Rule 802, "[h]earsay is not admissible except as otherwise provided by . . . these rules . . . ." "Whether evidence is admissible because it falls within an exception to the hearsay rule is a question of law, thus, our review is de novo." *State v. Truitt*, 9th Dist. No. 25527, 2011-Ohio-6599, ¶ 24 (quoting *Monroe v. Steen*, 9th Dist. No. 24342, 2009–Ohio-5163, ¶ 11).

**{¶14}** On direct examination, Mr. Volpe's lawyer asked Michael Testa what happened when he visited his mother after she fell. When Mr. Testa began recounting what Mrs. Volpe had told him about the fall, Heather Knoll objected. The trial court sustained the objection, concluding that anything that Mrs. Volpe said to Mr. Testa about the fall would be hearsay. Before Mr. Volpe could resume questioning, Heather Knoll's lawyer interjected that, despite the court's ruling, he believed that he could ask Mr. Testa the same question because what Mrs. Volpe had said to Mr. Testa was a statement against interest. The court asked for more information. Heather Knoll's lawyer indicated that, at his deposition, Mr. Testa testified that Mrs. Volpe told him that she got up to use the restroom and then walked back to her bed. Before she got into bed, she asked her roommate if the roommate would like something from the vending machine. Mrs. Volpe told Mr. Testa that she fell while going to the vending machine.

Because Mr. Volpe's theory of the case was that Mrs. Volpe would not have fallen if Heather Knoll had had a better toileting program in place, Heather Knoll's lawyer argued that what Mrs. Volpe told Mr. Testa was against her interest because it demonstrated that she did not fall while attempting to use the bathroom by herself.

**{¶15}** Under Rule 804(B)(3) of the Ohio Rules of Evidence, "[a] statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest . . . or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true." Based on Heather Knoll's representation of what Mr. Testa's testimony would be, the trial court determined that it was admissible under Rule 804(B)(3). It also determined that, since the testimony fell within an exception to the hearsay rule, either party could solicit it. Accordingly, it reconsidered its ruling "based upon [Heather Knoll's lawyer's] representation of what that testimony is likely to be" and allowed Mr. Volpe to ask Mr. Testa about what Mrs. Volpe told him about her fall. The trial court also allowed Mrs. Volpe's other son and Mr. Volpe to testify about what Mrs. Volpe had told them about the fall, which was similar to what she had told Mr. Testa.

**{¶16}** Heather Knoll has argued that what Mrs. Volpe told her husband and sons was not admissible as the statement of a deceased person under Rule 804(B)(5) of the Ohio Rules of Evidence. The trial court, however, found that the testimony was admissible as a statement against interest under Evidence Rule 804(B)(3). Heather Knoll has not argued in its brief that what Mrs. Volpe told her husband and her sons was not a statement against her interest under that rule. In fact, it specifically made, and thus conceded, that argument at trial.

{¶17} The 1980 staff notes to Evidence Rule 804(B)(3) indicate that "[t]he declaration against interest applies to statements of persons other than parties to the action and should be distinguished from statements of parties to the action." Mrs. Volpe was not a party to this action, only her husband was. There are no other restrictions under the rule that would prevent Mr. Volpe from offering the statements that his wife made to him or her sons. Under Evidence Rule 804(B)(3), statements against interest "are not excluded by the hearsay rule [as long as] the declarant is unavailable as a witness." The trial court, therefore, correctly allowed the disputed testimony. Heather Knoll's third assignment of error is overruled.

SEPARATE TRIALS

{¶18} Heather Knoll's fourth assignment of error is that the trial court incorrectly denied its motion for a directed verdict on the issue of punitive damages. It has argued that the court should have directed a verdict on punitive damages because Mr. Volpe failed to present any evidence of malice. It has also argued that the court should have bifurcated the issue of punitive damages.

{¶19} Under Section 2315.21(B) of the Ohio Revised Code, "[i]n a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated[.]" In *Havel v. Villa St. Joseph*, 131 Ohio St. 3d 235, 2012-Ohio-552, the Ohio Supreme Court held that "[Section] 2315.21(B) creates, defines, and regulates a substantive, enforceable right to separate stages of trial relating to the presentation of evidence for compensatory and punitive damages in tort actions and therefore takes precedence over [Civil Rule] 42(B) and does not violate the Ohio Constitution, Article IV, Section 5(B)." *Id.* at

syllabus. It held that Section 2315.21(B) "does more than set forth the procedure for the bifurcation of tort actions: it makes bifurcation mandatory." *Id*. at ¶ 25.

{¶20} The trial court did not bifurcate the issue of punitive damages as required under Section 2315.21(B). The jury, however, did not award Mr. Volpe any punitive damages. While Heather Knoll has argued that the punitive-damages instruction communicated a message to the jury that may have bled over into its deliberations on liability and compensatory damages, there is nothing in the record that suggests the jury was confused or misled by the instruction. *Goldfarb v. The Robb Report Inc.*, 101 Ohio App. 3d 134, 143 (10th Dist. 1995); *Wilburn v. Cleveland Elec. Illuminating Co.*, 74 Ohio App. 3d 401, 412 (8th Dist. 1991); *Oatman v. Frey*, 108 Ohio App. 72, 79 (3d. Dist. 1958). Heather Knoll's argument is purely speculative. *Goldfarb*, 101 Ohio App. 3d at 143. We also note that "prejudice resulting from an improper jury instruction on punitive damages is corrected by vacating the punitive damage award and allowing the balance of the decision to stand." *Id*.; *see Logsdon v. Graham Ford Co.*, 54 Ohio St. 2d 336, 341 (1978) (reversing award of punitive damages because instruction on that issue was not warranted). In this case, there is no punitive damage award to vacate. We, therefore, conclude that the trial court's error in failing to bifurcate the trial and giving an instruction on punitive damages was harmless because it did not affect Heather Knoll's substantial rights. Civ. R. 61; *see Goldfarb*, 101 Ohio App. 3d at 143; *Wilburn*, 74 Ohio App. 3d at 412; *Oatman*, 108 Ohio App. at 79. Heather Knoll's fourth assignment of error is overruled.

## CONCLUSION

{¶21} The trial court properly excluded Heather Knoll's expert witnesses under Rule 37 of the Ohio Rules of Civil Procedure and properly allowed Mr. Volpe and Mrs. Volpe's sons to testify about what caused her fall. This Court does not have jurisdiction to review Heather

Knoll's claims of trial court bias. Although the trial court incorrectly failed to bifurcate the issue of punitive damages, its instruction on punitive damages was harmless error. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶22} I concur in substantial part with the majority's opinion. I write separately, however, regarding Heather Knoll's allegation of judicial bias. I agree that an appellate court lacks the authority to determine whether a trial court judge should be disqualified for bias or whether a judgment must be vacated on that basis, as those matters are left exclusively for determination by the Chief Justice of the Supreme Court of Ohio. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). However, this Court has the authority to consider whether a party's due process rights have been violated. *State v. Payne*, 149 Ohio App.3d 368, 2002-Ohio-5180, ¶ 11 (7th Dist.) ("An appellate court can review the fairness of the trial to determine whether due process rights were violated and remand for a new trial."). I would construe Heather Knoll's second assignment of error as an argument that the trial court's denial of its motion for a new trial constituted a violation of its due process rights. Specifically, counsel for Heather Knoll argued that the trial court's tone, self-insertion into the proceedings, and "continuous hostility" toward him deprived his client of a fair trial. Accordingly, this Court has authority to consider the merits of the second assignment of error. Upon consideration, I would conclude that there was no due process violation.

<u>APPEARANCES:</u>

LESLIE M. JENNY and CHRISTINA J. MARSHALL, Attorneys at Law, for Appellants.

JOSEPH E. CIRIGLIANO, Attorney at Law, for Appellants.

LEE E. PLAKAS and MEGAN J. FRANTZ OLDHAM, Attorneys at Law, for Appellee.

MARK B. WEISMAN, Attorney at Law, for Appellee.