[Cite as *Smith v. Cindy Lucky 7's, L.L.C.*, 2019-Ohio-1157.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| SHERNELL SMITH | C.A. No. 29065 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CINDY LUCKY 7'S LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2017-07-3042 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

CARR, Judge.

{¶1} Plaintiff-Appellant Shernell Smith appeals, pro se, from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, and reverses in part.

I.

{¶2} On July 26, 2015, Ms. Smith went into Defendant-Appellee Cindy Lucky 7's LLC, doing business as Cindy's Lucky 7 ("Cindy's Lucky 7"). While there, Ms. Smith was approached by an armed assailant and assaulted. Ms. Smith suffered injuries that ultimately required medical attention.

{¶3} In July 2017, through counsel, Ms. Smith filed a two-count complaint against Cindy's Lucky 7, alleging negligence and premises liability. Ms. Smith alleged that Cindy's Lucky 7 owed a duty of care to Ms. Smith as a business invitee and that it breached that duty by essentially failing to ensure her safety and undertake certain measures that Ms. Smith asserted would have prevented the assault and her injuries.

{¶4} On April 5, 2018, Ms. Smith's attorney filed a motion to withdraw. That motion was granted on April 12, 2018. The next day, Cindy's Lucky 7 filed a motion for summary judgment. It filed an affidavit in support of its motion on May 4, 2018. Ms. Smith did not file a response to the motion. The trial court granted the motion for summary judgment on May 10, 2018, concluding that there was "no genuine issue of material fact [] regarding [Cindy's Lucky 7's] potential duty to warn or protect a business invitee from criminal acts of third parties." In so doing, the trial court's analysis relied on the affidavit submitted by Cindy's Lucky 7.

{¶5} Ms. Smith has appealed, pro se, raising three assignments of error for our review. Cindy's Lucky 7 has not filed a brief. Accordingly, this Court "may accept [Ms. Smith's] statement of the facts and issues as correct and reverse the judgment if [her] brief reasonably appears to sustain such action." *See* App.R. 18(C).

II.

**ASSIGNMENT OF ERROR I**

APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN SHE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL[.]

{¶6} Ms. Smith argues in her first assignment of error that she was denied the effective assistance of counsel.

{¶7} "The right to the effective assistance of counsel arises relative to a defense in criminal prosecutions." *Lykes v. Akron Dept. of Public Serv.*, 9th Dist. Summit No. 26570, 2014-Ohio-578, ¶ 14. Because Ms. Smith had no right to counsel for purposes of her civil action, she "cannot be heard to complain that trial counsel was ineffective in his representation" of her. *Id.*

{¶8} Ms. Smith's first assignment of error is overruled.

## **ASSIGNMENT OF ERROR II**

APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[.]

**{¶9}** Ms. Smith asserts in her second assignment of error that the trial court erred in granting summary judgment to Cindy's Lucky 7. Ms. Smith argues that her due process rights were violated. She notes that the motion for summary judgment was filed the day after her attorney withdrew from the case, and she then reiterates her assertions that her trial counsel was ineffective and that the trial judge was biased. Her latter argument will be addressed below.

**{¶10}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶11}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶12}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. Once a moving party satisfies its burden of

supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

**{¶13}** Here, while Ms. Smith did not oppose the motion for summary judgment, we nonetheless must consider whether the trial court properly awarded summary judgment to Cindy's Lucky 7. *See Bayview Loan Servicing, L.L.C. v. Woods*, 9th Dist. Summit No. 27658, 2016-Ohio-185, ¶ 9.

**{¶14}** Cindy's Lucky 7 filed its motion for summary judgment with an accompanying certificate of service on April 13, 2018. There were no evidentiary materials filed along with the motion. However, it did file an affidavit in support of its motion for summary judgment on May 4, 2018. That affidavit did not include a certificate of service, nor was a certificate of service separately filed. The trial court granted the motion for summary judgment only a few days later on May 10, 2018. In so doing, the trial court clearly relied on evidence contained in the affidavit.

**{¶15}** Civ.R. 56(E) provides in relevant part that, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." Moreover, Civ.R. 5(A) states that, "[e]xcept as otherwise provided in these rules, every order required by its terms to be served,

every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties." Finally, Civ.R. 5(B)(4) indicates that "[t]he served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.)

{¶16} As the affidavit Cindy's Lucky 7 filed in support of its motion for summary judgment contained no certificate of service, nor was one separately filed, the trial court should not have considered the affidavit. *See* Civ.R. 5(B)(4); Civ.R. 56(E). It is clear that the trial court relied upon that affidavit in granting summary judgment to Cindy's Lucky 7. Therefore, we can only conclude that the trial court erred in granting summary judgment to Cindy's Lucky 7.

{¶17} Ms. Smith's second assignment of error is sustained.

### ASSIGNMENT OF ERROR III

APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE JUDGE PRESIDING OVER THE ACTION HAD A CLEAR BIAS TO THE PREJUDICE OF THE APPELLANT.

{¶18} Ms. Smith argues in her third assignment of error that she was denied due process because the trial judge demonstrated clear bias against Ms. Smith. Ms. Smith asserts in her brief on appeal that the trial judge presided over Ms. Smith's son's criminal case. Ms. Smith maintains in her brief that her son filed a complaint against the trial judge alleging that the trial judge "coerced/induced [her son] into being wrongfully convicted[.]"

**{¶19}** To the extent that Ms. Smith is asserting that the trial judge should have been disqualified or the judgment vacated because of alleged bias, we are unable to address that issue. "Ordinarily, matters pertaining to judicial bias may only be heard by the Chief Justice of the Ohio Supreme Court or his or her designees." *In re Estate of Durkin*, 9th Dist. Summit No. 28661, 2018-Ohio-2283, ¶ 42, quoting *King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 6; *see also* R.C. 2701.03(A).

**{¶20}** To the extent that Ms. Smith's allegations of judicial bias may also raise due process concerns, even if this Court were to conclude that it had the authority to review the issue, the allegations are completely unsupported by anything contained in the record before us. *See Volpe v. Heather Knoll Retirement Village*, 9th Dist. Summit No. 26215, 2012-Ohio-5404, ¶ 11 (concluding the issue was unreviewable); *see also Volpe* at ¶ 22 (Carr, J., concurring in judgment only) (concluding that "this Court has the authority to consider whether a party's due process rights have been violated"); *State v. Powell,* 9th Dist. Lorain No. 12CA010284, 2017-Ohio-4030, ¶ 9 (noting that "[i]t is well[-]settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law") (Internal quotations and citation omitted.).

**{¶21}** Given the foregoing, Ms. Smith's third assignment of error is overruled.

III.

**{¶22}** Ms. Smith's second assignment of error is sustained. Her remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

 
                                DONNA J. CARR
                                FOR THE COURT

CALLAHAN, J.
CONCURS.

TEODOSIO, P. J.
DISSENTING.

{¶23} I disagree with the majority's conclusion that the trial court erred in granting summary judgment to Cindy's Lucky 7. For that reason, I respectfully dissent.

{¶24} Under her second assignment of error, Ms. Smith argues that she was denied due process of law when the trial court granted Cindy's Lucky 7's motion for summary judgment. In support of this argument, Ms. Smith states: (1) her attorney filed a motion to withdraw without her knowledge; (2) the defendant filed an affidavit in support of its motion for summary

judgment "which [she would have] challenged and would have submitted her affidavit in response if not for the ineffective assistance of counsel or lack [thereof] * * *"; and (3) the trial court judge had a conflict of interest and should have recused herself. The first two arguments are subsumed by her first assignment of error arguing that she was denied due process of law when she received ineffective assistance of counsel. The third argument is subsumed by her third assignment of error arguing that she was denied due process of law because the trial court judge was biased against her.

{¶25} To the extent that Ms. Smith raises any argument with regard to summary judgment, she states, verbatim:

> In regards to Civ.R.56(C) as to no genuine issue as to any material fact remains to be litigated this assertion is factually false. Please note and factor that appellant's counsel informed her of the defendant's offer to settle for $500.00 to dissolve the lawsuit and appellant rejected this offer. The fact is the defendant felt there was no genuine issue as to any material fact why would they attempt to settle. Next you have to consider appellant's counsel prior to withdrawing never investigated any of the following: A witness who was also present the night of the robbery, nor did counsel investigate appellant's physical or mental injuries she sustained from the night in question. With all that transpired appellant's due process rights were violated under both the U.S. and Ohio constitutions.

I find no suggestion of an argument by Ms. Smith that the trial court erred in considering the affidavit filed by Cindy's Lucky 7, nor do I find any reference to the failure to endorse proof of service. Moreover, I find nothing in Ms. Smith's argument to suggest that she was prejudiced by any such error. *See* Civ.R. 61.

{¶26} We have consistently stated that an appellant's assignment of error provides a roadmap for this Court, and directs our analysis of the trial court's judgment. *See, e.g.*, *Citizens Bank Natl. Assn. v. Ranch Rd. Superior Properties, L.L.C.*, 9th Dist. Summit No. 28023, 2016–Ohio–7590, ¶ 11. *See also* App.R. 16. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. *Angle v.*

*Western Res. Mut. Ins. Co.*, 9th Dist. Medina No. 2729-M, 1998 WL 646548, *1 (Sept. 16, 1998); *Frecska v. Frecska*, 9th Dist. Wayne No. 96CA0086, 1997 WL 625488, *2 (Oct. 1, 1997). *See also* App.R. 16(A)(7) and Loc.R. 7(B)(7). "It is the duty of the appellant, not this [C]ourt, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619, *3 (Feb. 9, 1999). *See also* App.R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996).

{¶27} Ms. Smith has made no argument regarding the failure to attach proof of service, and there is no suggestion that she was prejudiced by the error. I would therefore overrule her second assignment of error.

APPEARANCES:

SHERNELL SMITH, pro se, Appellant.

DIANE REYNE GUZZO, Attorney at Law, for Appellee.