[Cite as *Esser v. Murphy*, 2012-Ohio-1168.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

EUGENE P. ESSER

    Appellant

    v.

STEPHEN R. MURPHY, et al.

    Appellees

C.A. No.    25945

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2010-10-6694

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

---

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Eugene Esser appeals from the judgment of the Summit County Court of Common Pleas dismissing his complaint with prejudice. For the reasons set forth below, we reverse.

I.

{¶2} On October 1, 2010, Mr. Esser filed an action sounding in tort against Steven Murphy, the Committee for Ethical Government in Twinsburg, John Does 1-10, and Jane Does 1-10. The complaint indicated that the action was a re-filed action that had been previously dismissed without prejudice pursuant to Civ.R. 41(A)(1) on October 2, 2009. Mr. Murphy filed a pro se answer on behalf of himself and the Committee for Ethical Government in Twinsburg ("the Committee"). On November 18, 2010, the trial court filed an order concerning the first pretrial to be held December 20, 2010. The trial court noted that sanctions could be imposed for failure to attend or comply with the order. In addition, the order required the parties to submit a

pretrial statement to the trial court and opposing counsel. It is unclear from the record if the pretrial conference was held; however, no pretrial statements were submitted by the parties prior to the case being transferred to another judge on December 29, 2010.

{¶3} On January 6, 2011, the newly assigned judge filed an order concerning the "first" pretrial conference to be held January 24, 2011. The order noted that the failure to attend the conference could result in sanctions.

{¶4} Thereafter, the matter was assigned to another judge. That judge issued an order on February 7, 2011, ordering that "on or before March 4, 2011, each party [shall] advise the Court, in writing, of the status of the case * * * ." Further, in the order, the trial court questioned whether Mr. Murphy could represent the Committee, given that he was not an attorney. In addition, the order provided that "[c]ounsel and the parties are hereby notified, pursuant to Civ.R. 41(B)(1), that failure to comply with this order may result in dismissal pursuant to Civ.R. 41(B)(1) and (3), or judgment pursuant to order of this Court."

{¶5} On March 3, 2011, Mr. Murphy filed an amended answer, a set of interrogatories and request for documents, and a status report. Mr. Murphy filed these solely on behalf of himself. On April 19, 2011, the trial court issued a judgment entry dismissing the action because Mr. Esser had not complied with the February 7, 2011 order. Subsequently, Mr. Esser filed a motion for relief from judgment which is not the subject of this appeal.

{¶6} Appellees have not filed a brief in this Court; accordingly, pursuant to App.R. 18(C), we "may accept the [A]ppellant's statement of the facts and issues as correct and reverse the judgment if [A]ppellant's brief reasonably appears to sustain such action."

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT FAILED TO GIVE ADEQUATE NOTICE OF ITS INTENTION TO DISMISS PLAINTIFF'S COMPLAINT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO FILE A STATUS REPORT.

{¶7} Mr. Esser asserts in his two assignments of error that the trial court erred in dismissing his complaint with prejudice. We agree.

{¶8} We initially observe that, while the trial court did not specify that its dismissal was with prejudice, Civ.R. 41(B)(3) provides that "[a] dismissal under division (B) of this rule and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits, unless the court, in its order for dismissal, otherwise specifies." Thus, the trial court's dismissal was with prejudice.

{¶9} The question presented here is whether the trial court properly dismissed this case sua sponte with prejudice for failure to file a status report at the outset of the case. The Ohio Supreme Court has repeatedly emphasized that a basic tenet of Ohio jurisprudence is that cases should be decided on their merits. *See, e.g., Ohio Furniture Co. v. Mindala,* 22 Ohio St.3d 99, 101 (1986). It has also emphasized that a dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice. *Id.* Although we review a trial court's decision to dismiss for an abuse of discretion, dismissals with prejudice are subject to heightened scrutiny. *Quonset Hut, Inc. v. Ford Motor Co.,* 80 Ohio St.3d 46, 47-48 (1997).

{¶10} Mr. Esser asserts both that he received insufficient notice prior to the dismissal of his action and that the sanction of dismissal with prejudice under the circumstances of this case

was too harsh. Civ.R. 41(B)(1) provides that, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court * * * on its own motion may, *after notice* to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.) The 1972 Staff Note to Civ.R. 41 states that, "[a]s amended, the rule makes clear that a motion, either by the defendant or by the court, is the proper procedural device for implementing the dismissal of an action when plaintiff fails to prosecute or comply with 'these rules' or a court order." 1972 Staff Note, Civ.R. 41, quoting Civ.R. 41(B)(1). Thus, the language of the rule itself suggests that, before an action may be dismissed by the court for failure to comply with an order of the court, plaintiff's counsel must be notified of the court's intent to dismiss *after* plaintiff fails to comply with an order of the court. *See* Civ.R. 41(B)(1).

{¶11} The Supreme Court of Ohio has also interpreted the rule in a variety of contexts. It has stated that "the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice." (Internal quotations and citation omitted.) (Emphasis sic.) *Sazima v. Chalko*, 86 Ohio St.3d 151, 155 (1999). "The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." *Id. See also Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 518 (2000). "[T]he notice requirement of Civ.R. 41(B)(1) is satisfied 'when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.'" *Sazima* at 155, quoting *Quonset Hut, Inc.* at syllabus. Although the notice requirement may be satisfied by virtue of an opposing party's motion seeking dismissal as a sanction, nonetheless, there must be some notice that provides the party with an indication that the action is actually in jeopardy of being dismissed and a corresponding opportunity to explain or cure the deficiency. *See, e.g., Sunkin v. Collision Pro, Inc.,* 174 Ohio App.3d 56, 2007-Ohio-6046, ¶ 16 (9th Dist.)

("A pending motion to dismiss, for example, is sufficient for notice to be charged to the plaintiff.") .

{¶12} In this case, the trial court did not issue any notification that it was intending to dismiss the action due to the failure to file a status report. Nor was there a motion by an opposing party seeking to dismiss the matter due to noncompliance with the trial court's order to provide a status report. Although the trial court's February 7, 2011 order contained standard language of a boilerplate nature that dismissal for noncompliance with the trial court's order was a *possibility*, there was no notice of the trial court's intention to dismiss due to noncompliance as contemplated by Civ. R. 41(B)(1). *See also Levorchik v. DeHart,* 119 Ohio App.3d 339, 343 (2nd Dist.1997) (noting that *Ohio Furniture Co.* has been interpreted as "mandating that courts give a noncompliant party a 'second chance' to comply with court orders before imposing dismissal[]"). As Mr. Esser was not notified that he failed to comply with the portion of the trial court's order instructing the parties to file a status report, we also cannot say that Mr. Esser had a reasonable opportunity to defend against the dismissal. *See Sazima* at 155, quoting *Quonset Hut, Inc.,* 80 Ohio St.3d at syllabus; *Noles v. Bennett*, 9th Dist. No. 97CA006988, 1998 WL 668201, *2 (Sept. 30, 1998).

{¶13} Moreover, in the context of this case, we view dismissal of the action as an unduly harsh sanction for Mr. Esser's failure to file a status report. In the context of a Civ.R. 41(B)(1) dismissal, we have stated that an abuse of discretion will be found where the trial court has not considered other less drastic alternatives. *Ina v. George Fraam & Sons, Inc.*, 85 Ohio App.3d 229, 231 (9th Dist.1993). Given that this case had been transferred to three judges within several months of the filing of the complaint, it is very possible that some confusion could have resulted. We note that Mr. Esser was not the only party to fail to comply with the trial court's

order; the Committee also did not comply, yet, it suffered no penalty. Moreover, this litigation does not appear to be unduly drawn out by virtue of dilatory tactics on the part of Mr. Esser. On the contrary, the record indicates the action was only in the beginning stages. Any protraction appears to be due to the repeated transfer of the case to different judges; something outside of Mr. Esser's control. Accordingly, we fail to see how Mr. Esser's conduct was "so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." (Internal quotations and citation omitted.) *Quonset Hut, Inc.* at 48; *see also Hobbs v. Lopez,* 4th Dist. No. 95CA2343, 1995 WL 769266, *3 (Dec. 27, 1995); *Ina* at 231. Therefore, we sustain Mr. Esser's assignments of error and reverse the dismissal of this matter.

### III.

{¶14} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the

mailing in the docket, pursuant to App.R. 30.

 Costs taxed to Appellees.


          EVE V. BELFANCE
          FOR THE COURT


WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

STEPHEN R. MURPHY, pro se, Appellee.