[Cite as *Boulder Creek Assocs., Ltd. v. Fechko Excavating, Inc.*, 2013-Ohio-3394.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BOULDER CREEK ASSOCIATES, LTD., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2012-P-0143 and 2012-P-0157** |
| FECHKO EXCAVATING, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeals from the Portage County Court of Common Pleas, Case No. 2012 CV 00448.

Judgment:  Reversed and remanded.

*James M. Henshaw,* 54 East Mill Street, Suite 400, Akron, OH  44308, and *Nicholas Swyrydenko,* 137 South Main Street, #206, Akron, OH  44308 (For Plaintiff-Appellant).

*Michael L. Fortney* and *Joseph R. Spoonster,* Fortney & Klingshirn, 4040 Embassy Parkway, Suite 280, Akron, OH  44333 (For Defendant-Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Boulder Creek Associates, Ltd., appeals from the judgment of the Portage County Court of Common Pleas, dismissing their complaint, with prejudice, for failing to comply with its previous judgment ordering appellant to provide a more definite statement by attaching a copy of the agreement upon which the cause was based, pursuant to Civ.R. 10(D).  For the reasons below, we reverse the trial court's judgment and remand the matter for further proceedings.

{¶2} On April 18, 2012, appellant filed a complaint alleging breach of contract against appellee, Fechko Escavating, Inc., aka Fechko Excavating, Inc. The complaint asserted that, pursuant to the contract, appellee was required to complete certain construction within a specified time; appellant claimed appellee failed to meet the deadline, which resulted in it incurring additional expenses. Appellants did not attach a copy of the agreement to the complaint.

{¶3} In lieu of filing an answer, appellee subsequently moved for a more definite statement pursuant to Civ.R. 12(D). In its motion, appellee asserted the complaint recited numerous provisions of the agreement as the basis for the alleged breach. Appellant, however, failed to attach a copy of the agreement as required by Civ.R. 10(D). According to appellee, it could not properly file an answer without appellant's compliance with the rule. The trial court granted appellee's motion and ordered it to file an amended complaint, attaching a copy of the agreement, within 21 days of the order.

{¶4} Appellant failed to file its amended pleading within the timeframe set forth by the court. On July 25, 2012, however, appellant filed a motion to file its amended complaint instanter. The trial court granted the motion and appellant's amended complaint was filed with a copy of the agreement attached to the pleading.

{¶5} On August 10, 2012, appellee filed a motion to strike appellant's amended complaint and dismiss the action. Appellee alleged that the copy of the agreement upon which its cause of action was based was incomplete. In particular, appellee asserted the attached agreement was missing a page and did not include two exhibits (detailing certain plans and specifications of the underlying construction) that were

2

incorporated into the original agreement. Thus, appellee urged the trial court to dismiss appellant's complaint for failing to comply with the order for a more definite statement.

{¶6} Three days later, on August 13, 2012, the trial court entered judgment dismissing appellant's complaint with prejudice. The court found that the attached copy of the agreement omitted attachments and material sections of the agreement without explanation. Thus, the court determined the amended complaint failed to comply Civ.R. 10(D) as well as the court's previous order.

{¶7} Unaware of the trial court's entry, due to an apparent failure of service per Civ.R. 58(B), counsel for appellant, on August 16, 2012, filed a memorandum in opposition to appellee's motion to strike and dismiss its complaint. Appellant asserted it was unaware of the missing page in the agreement and attached a copy of the same to its memorandum. It did not, however, attach the two exhibits to which the agreement incorporated by reference.

{¶8} On October 9, 2012, appellant filed a Civ.R. 60(B) motion for relief from the August 13, 2012 judgment. As a preliminary basis for filing the motion, counsel for appellant, via affidavit, stated he only became aware of the judgment of dismissal on October 5, 2012. Further, appellant asserted the trial court violated Portage County Local Rule 8.02 when it entered judgment a mere three days after appellee filed its motion to dismiss. According to the rule, "[a]ny memorandum in opposition to [a] motion shall be filed and served upon the movant within fourteen (14) days from the date the motion is served." Appellant filed its memorandum six days after the motion was filed and the pleading was therefore timely. In appellant's view, the court's judgment was erroneously entered as it did not give appellant the full allotted time to file its

3

memorandum under the local rule. As a result, appellant asserted it was entitled to relief from judgment because, had the court considered its memorandum, it would have determined appellant was in compliance with the court's previous order for a more definite statement.

{¶9} Appellee filed a memorandum in opposition to appellant's Civ.R. 60(B) motion asserting appellant was not entitled to relief because, even though it supplemented the missing page, it failed to include the exhibits incorporated by reference into the agreement. Thus, appellee concluded, appellant still failed to comply with the trial court's order to provide a more definite statement.

{¶10} A hearing was held on the motion, during which counsel for appellant asserted the trial court's premature entry and failure to consider its memorandum in opposition to appellee's motion to dismiss was sufficient to justify relief. Counsel noted that the exhibits were not included with the other aspects of the agreement because they were both unwieldy in size and voluminous in nature. The court observed that appellant should have included the reason for omitting the exhibits in the amended complaint and took the matter under advisement.

{¶11} On December 13, 2012, the trial court entered judgment denying appellant relief from judgment. The trial court found that, even though appellant was not given adequate time under the local rule to respond to appellee's motion, any such error was harmless. The trial court reasoned that appellant's response memorandum, which incorporated a partial copy of the agreement, neither included the entire contract nor offered an explanation why the incorporated exhibits were not attached. Hence, the court determined, even had it considered the pleading, appellant was still in violation of

the original order for a more definite statement sufficient to justify striking the pleading and dismissing the case. The court therefore determined appellant had failed to establish grounds for relief from the August 13, 2012 judgment.

{¶12} Appellant filed a notice of appeal from both the judgment of dismissal and the judgment denying its motion for relief from judgment. The separate appeals were consolidated and we now consider appellant's two assignments of error. For its first assignment of error, appellant alleges:

{¶13} "The trial court acted contrary to law and/or abused its discretion in dismissing appellant's complaint with prejudice."

{¶14} We initially observe that, while the trial court did not specify that its dismissal, which was entered pursuant to appellee's motion, was with prejudice, Civ.R. 41(B)(3) provides that, "[a] dismissal under division (B) of this rule and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits, unless the court, in its order for dismissal, otherwise specifies." Thus, the trial court's dismissal was with prejudice.

{¶15} Civ.R. 41(B)(1) states that when a plaintiff fails to comply with a court order, the court may, after notice to plaintiff's counsel, dismiss an action or claim. Under this rule, counsel has notice of an impending dismissal with prejudice for failure to comply with an order "* * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.,* 80 Ohio St.3d 46 (1997), syllabus.

{¶16} The notice requirement of Civ.R. 41(B) requires a trial court to give a plaintiff prior notice of its intention to dismiss a case with prejudice. *See e.g. Ohio*

5

*Furniture Co. v. Mindala,* 22 Ohio St.3d 99, 101 (1986). A court must give notice so counsel has the opportunity to explain his or her reasons for failing to cure the alleged defect before the case is involuntarily dismissed with prejudice. *See e.g. Esser v. Murphy*, 9th Dist. No. 25945, 2012-Ohio-1168, ¶11. Further, various courts, including this one, have interpreted *Ohio Furniture Co.* to mandate that a court provide a non-compliant party a "second chance" to comply with the subject order or explain its non-compliance before entering a judgment of dismissal with prejudice. *See Loynd v. Scott Molders, Inc.,* 62 Ohio App.3d 888, 893-894 (11th Dist.1990); *Kane v. Internal. Hydraulics, Inc.*, 11th Dist. Lake No. 12-031, 1987 Ohio App. LEXIS 9603, *4-*5 (Nov. 13, 1987); *Esser*, *supra*. (9th Dist.2012); *LaRiche v. Delisio*, 8th Dist. Cuyahoga No. 5592, 2000 Ohio App. LEXIS 5592, *8-*9 (Nov. 30, 2000). A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice. *See e.g. Ohio Furniture Co.*, *supra*, at 101; *see also Mid-West Telephone Service, Inc. v. Security Products Company*, 11th Dist. Trumbull No. 2010-T-0056, 2011-Ohio-3296, ¶14.

{¶17} Here, appellee's motion to dismiss provided appellant with knowledge that dismissal was a possibility. The trial court, however, never provided appellant with notice that a dismissal with prejudice would eventuate from its failure to either file the omitted portions of the agreement or provide a reason for their omission. The failure to do so constituted prejudicial error.

{¶18} In addition to this conclusion, we also hold the trial court's ultimate decision to dismiss the matter with prejudice evinced an abuse of discretion. The trial court dismissed the case with prejudice three days after appellee's motion was filed and prior to appellant filing its memorandum in opposition to appellee's motion. The trial

court's local rules, however, allow a party opposing a motion 14 days from service of the motion to file a memorandum in opposition. In rendering its judgment, therefore, the trial court failed to consider appellant's memorandum even though it was filed within the timeframe allowed under Loc.R. 8.02. This, unto itself, was error.

{¶19} A review of appellant's post-judgment memorandum in opposition indicates, however, it did not include all missing documentation identified by appellee in its motion for a more definite statement. Appellant's amended complaint consequently failed to fully comply with Civ.R. 10(D) in that it failed to include the *full* agreement and did not provide a reason for its omission. The question, therefore, is whether such an omission was sufficient to justify dismissing the action with prejudice. We hold it was not.

{¶20} This court has previously observed that dismissals pursuant to Civ.R. 41(B) are punitive in nature and should be utilized only when necessary to vindicate the court's authority. *Mid-West Telephone Service, Inc.*, *supra*, at ¶12; see also *Armstrong v. Revco D.S., Inc.*, 8th Dist. Cuyahoga No. 64044, 1993 Oho App. LEXIS 5655, *6; 2 Klein Darling, Civil Practice, (1997), 228-229, Section 41-30. And because the law favors adjudicating matters on their merits, dismissals with prejudice should be reserved for extreme circumstances such as situations where a plaintiff's conduct is so unreasonable, irresponsible, contumacious or dilatory that a dismissal on the merits is justified. *See e.g. Nozik v. Dalheim*, 11th Dist. Lake No. 96-L-205, 1998 Ohio App. LEXIS 1072, *5 (Mar. 20, 1998). "Ordinarily, Ohio courts have followed the policy of imposing the least severe sanction, or at least a sanction short of outright dismissal of

7

the action with prejudice, unless the plaintiff's conduct evidences bad faith." *Transamerica Ins. Group v. Maytag, Inc.* 99 Ohio App.3d 203, 206 (9th Dist.1994).

{¶21} In this case, even though appellant did not strictly comply with the trial court's order for a more definite statement, a review of the record demonstrates the copy of the contract attached to appellant's amended complaint included all provisions that were central to its breach of contract claim. Indeed, even though the agreement omitted materials, i.e., a page itemizing details of the agreement not ostensibly at issue in the complaint and two exhibits that are not obviously germane to the breach claim, the attached document provided appellee with sufficient information upon which it could answer the allegations in the complaint. The omitted exhibits, while potentially relevant to the case, do not appear crucial, given the way the case was plead, to the allegations of breach. And, in any event, the documentation would be subject to disclosure or discovery if, at some point, they did have some bearing on the case.

{¶22} Given these points, appellant's conduct does not indicate it was deliberately attempting to flout the court's authority, behave unreasonably, or engage in dilatory conduct. Further, in light of the circumstances, we cannot impute bad faith to appellant's omission. The trial court's dismissal with prejudice was, in our opinion, unduly harsh and unreasonable under the circumstances.

{¶23} We therefore conclude the trial court abused its discretion when it entered its judgment of dismissal with prejudice. Our holding is premised upon two discrete bases. First, we hold the court erred by dismissing the matter without giving appellant's counsel adequate notice of its intention to dismiss the matter with prejudice if appellant did not either (1) file the omitted documentation or (2) explain why the documentation

8

was omitted. We further conclude the court erred by imposing an unduly harsh sanction given the circumstances of the case.

{¶24} Appellant's first assignment of error is sustained.

{¶25} Appellant's second assignment of error provides:

{¶26} "The trial court acted contrary to law and/or abused its discretion in denying appellant relief from judgment under Civ.R. 60(B)."

{¶27} By reason of our disposition of appellant's first assignment of error, appellant's second assignment of error is rendered moot.

{¶28} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and the matter remanded for further proceedings.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.