[Cite as *Lykes v. Akron Dept. of Public Serv.*, 2014-Ohio-578.]

STATE OF OHIO           )             IN THE COURT OF APPEALS
                        )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT        )

MICHAEL D. LYKES                      C.A. No.      26570

        Appellant

        v.                            APPEAL FROM JUDGMENT
                                      ENTERED IN THE
CITY OF AKRON, DEPARTMENT OF          COURT OF COMMON PLEAS
PUBLIC SERVICE                        COUNTY OF SUMMIT, OHIO
                                      CASE No.    CV 2011-12-7034
        Appellee

DECISION AND JOURNAL ENTRY

Dated: February 19, 2014

CARR, Judge.

{¶1}    Appellant Michael Lykes appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}    This case presents a unique set of facts and procedural history meriting consideration beyond the scope of a typical R.C. Chapter 2506 administrative appeal.

{¶3}    For many years, beginning in October 2004, neighbors complained about the condition of a home located at 240 Storer Avenue in Akron, parcel number 68-34166. The property changed ownership over the years, but remained in a state of disrepair and lack of habitability. After over 30 inspections by the city of Akron, many resulting in warnings, orders to comply with the local environmental housing code, and the assessment of administrative penalties, the matter was finally referred to the Housing Appeals Board for review. On November 15, 2011, the board held a hearing and issued an order that the structure on the

property be razed and that the cost of demolition be assessed as a tax lien on the property. The owner of the property at that time was Quadrant Residential Capital IV LP.

{¶4} A city housing complaint form in the record indicates that on December 9, 2011, Mr. Lykes telephoned a city sanitarian, identified by the initials "JF." JF noted that Mr. Lykes had closed on the house at 240 Storer Avenue that day and that he inquired regarding his necessary course of action [given the issuance of the condemnation order]. JF noted that she informed him that he must file an appeal, presumably from the housing board's demolition order, by 4:30 p.m., on December 15, 2011. The note later indicated that an appeal had been received on December 15, 2011.

{¶5} Mr. Lykes filed his administrative appeal regarding parcel number 68-34166, 240 Storer Avenue, in the Summit County Court of Common Pleas by and through counsel. Counsel appended a copy of the affidavit of condemnation proceedings regarding that property to the appeal. The affidavit was executed by Jodie Forester, the sanitarian who conducted the November 15, 2011 hearing before the housing board. The city filed a notice of filing of the record on February 3, 2012. Subsequently, the trial court issued a briefing schedule, ordering that Mr. Lykes' assignments of error and brief were due on or before March 30, 2012. The scheduling order was copied to be served on Mr. Lykes' counsel of record.

{¶6} On April 9, 2012, after Mr. Lykes had failed to file a brief and assignments of error, the city moved to dismiss the appeal for failure to prosecute. While the city's motion is docketed and appears on the clerk of courts' web site, the motion does not bear a time-stamp. The assistant law director who filed the motion to dismiss certified that he had sent a copy by regular mail to Mr. Lykes' counsel of record on April 9, 2012.

{¶7} On April 30, 2012, Mr. Lykes, purportedly by and through counsel, filed a motion for preliminary and permanent injunction.[1] Although the motion bore the trial court case number relevant to the instant matter, the caption named Summit Construction Company, rather than the Akron Department of Public Service and the secretary of the Akron Housing Appeals Board, as the defendant. Moreover, the motion referenced three parcel numbers at 835 Moon Street, in Akron, rather than the parcel number relevant to 240 Storer Avenue and this case. In addition, the page purportedly containing the memorandum in support of the motion for injunctions was missing from the record.

{¶8} On May 11, 2012, Mr. Lykes' counsel of record filed a combined "brief and opposition of motion to dismiss" and motion to stay the condemnation proceedings. On June 6, 2012, the city opposed the motion to stay and renewed its motion to dismiss.

{¶9} On June 28, 2012, the trial court issued a judgment entry in which it granted the city's motion to dismiss the administrative appeal for the reasons that Mr. Lykes' "brief and opposition of motion to dismiss" was filed beyond the trial court's deadline for appellant's brief and because the brief failed to identify and discuss any assignments of error from the administrative hearing. In addition, the trial court apparently consolidated and construed Mr. Lykes' motion to stay the condemnation proceedings as a motion for injunctive relief. It denied the motion to stay based on Lykes' "fail[ure] to list, analyze, or otherwise discuss any factors for

---

[1] The clerk's transcript of docket and journal entries noted that the motion for preliminary and permanent injunction was filed by Michael D. Lykes, Jr. As the memorandum for the motion is missing from the record, there is no signature page attached. The certificate of service accompanying the motion is purportedly signed by Mr. Lykes' counsel of record, although it certifies service of a "Motion for Extension" on Summit Construction Company on a date 9 days in advance of the filing of the motion for injunction.

the Court to consider * * * except a brief statement that the property is undergoing 'renovations.'" Mr. Lykes appealed to this Court and raises one assignment of error for review.

{¶10} After the appeal was argued to the Court, the case was stayed to allow the parties to attempt to resolve the matter. They were ultimately unsuccessful, and the appeal was reactivated.

I.

**ASSIGNMENT OF ERROR**

MY FORMER ATTORNEY DID NOT FOLLOW PROTOCOL TO CORRECTLY PRESENTING MY CASE.

{¶11} Mr. Lykes argues that the trial court erred by dismissing his administrative appeal because he was entitled to a stay of the condemnation order which was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Moreover, he argues that his trial counsel failed to proceed with the administrative appeal in an appropriate manner.

{¶12} As an initial matter, this Court notes that there are numerous peculiarities evident in the documents filed in the case below. For example, after the city filed an initial motion to dismiss for failure to prosecute, Mr. Lykes filed a motion for preliminary and permanent injunction. Mr. Lykes' motion was unusual for several reasons: 1. The type font varied within the document and from other documents filed by Mr. Lykes' counsel of record; 2. The memorandum page of the document was missing; 3. The document was double-sided and progressed from page 1 (the caption and introductory paragraph) to page 3 (the certificate of service; 4. The caption identified Summit Construction Company as the defendant, although that entity was not a party to the case; 5. The property identified in the introductory paragraph of the motion did not match the property at issue in this case by either address or parcel number; 6. The

certificate of service referenced a "motion for extension," rather than the motion for injunctions; and 7. Despite a purported signature by counsel on the document, the clerk's office noted on the transcript of docket and journal entries that Mr. Lykes had filed the motion.

{¶13} In addition, soon thereafter, Mr. Lykes' counsel filed a "brief and opposition of motion to dismiss and motion to stay condemnation proceedings." This document, too, was unusual. The body of the motion asserted that Mr. Lykes was in the process of renovating the property and had actually received a permit from the city to do so. The document referred to "Exhibit A" to identify the property. However, there were three "Exhibit A" documents appended to the brief and motion, to wit: 1. A copy of a quit claim deed indicating that Melanie Thiede conveyed three parcels at an unidentified address to Mr. Lykes. None of the parcel numbers coincided with the parcel number at issue in this case. Copies of Ms. Thiede's Canadian passport and identity card were inexplicably appended to the quitclaim deed. 2. A legal description of the property, listing a parcel number and a lot in a named allotment, neither of which represented the property at issue in the appeal and condemnation order. 3. A Tax Maps description of two parcels of land, neither of which bore the parcel number relevant to this case. This exhibit further included handwritten information identifying a third parcel number not relevant to the condemnation order, the 835 Moon Street address, and a trial case number from a different case below.

{¶14} To the extent that Mr. Lykes argues that his trial counsel was ineffective, however, he cannot prevail. The right to the effective assistance of counsel arises relative to a defense in criminal prosecutions. Sixth Amendment, U.S. Constitution; *but see Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783 (although recognizing the potential right to counsel in civil contempt proceedings where personal liberty is at stake, rejecting the notion that

the right continues to exist with regard to a civil purge hearing). Because Mr. Lykes had no right to counsel for purposes of his administrative appeal, he cannot be heard to complain that trial counsel was ineffective in his representation. While the issue may be one suited to a legal malpractice action or a bar complaint, it is not appropriate for this Court's consideration.

{¶15} Mr. Lykes' substantive challenge to the trial court's order dismissing his administrative appeal, on the other hand, is appropriate for our review, although it presents some unconventional considerations.

{¶16} As this Court has previously recognized, the trial court necessarily grants a motion to dismiss an administrative appeal for failure to prosecute pursuant to Civ.R. 41(B)(1). *Burch v. Akron Housing Appeals Bd.*, 9th Dist. Summit No. 17201, 1995 WL 569106 (Sept. 27, 1995). The rule provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1).

{¶17} A dismissal pursuant to Civ.R. 41(B) operates as an adjudication upon the merits and, therefore, constitutes a dismissal with prejudice. Civ.R. 41(B)(3); *Esser v. Murphy*, 9th Dist. Summit No. 25945, 2012-Ohio-1168, ¶ 8. The notice requirement in Civ.R. 41(B)(1) supports "the fundamental tenet of judicial review in Ohio [] that courts should decide cases on their merits." *See State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 505 (2001). Although this Court reviews the trial court's dismissal of an action for an abuse of discretion, "dismissals with prejudice are subject to heightened scrutiny." *Esser* at ¶ 9, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47-48 (1997). The Ohio Supreme Court elaborated:

> The extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party. In other words, dismissal is reserved for those cases

in which the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for failure to prosecute or obey a court order. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice.

(Internal quotations and citations omitted) *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999). In addition, this Court has recognized that "[a]lthough the notice requirement [of Civ.R. 41(B)(1)] may be satisfied by virtue of an opposing party's motion seeking dismissal as a sanction, nonetheless, there must be some notice that provides the party with an indication that the action is actually in jeopardy of being dismissed and a corresponding opportunity to explain or cure the deficiency." *Esser* at ¶ 11.

{¶18} In this case, the city filed two motions to dismiss Mr. Lykes' administrative appeal. Admittedly, Mr. Lykes did not file his brief by the date ordered by the trial court. However, he was responsive to the city's motions, filing a motion for injunctions, a motion to stay the condemnation proceedings, and a brief and opposition to the city's motion to dismiss. Without passing judgment on the substance or merits of these documents, their filing evidenced Mr. Lykes' involvement in prosecuting this action. Accordingly, the trial court had before it Mr. Lykes' brief in support of his administrative appeal and opposition to the city's motion to dismiss the appeal for its consideration.

{¶19} The trial court granted the city's motion to dismiss with little discussion other than to state that the appellate brief was not timely filed and the untimely brief failed to discuss Mr. Lykes' assignments of error from the administrative hearing. The trial court then refused to "consider" Mr. Lykes' request for injunctive relief because he had "fail[ed] to list, analyze, or otherwise discuss" certain unidentified "factors" relevant to his motion to stay the condemnation proceedings. It moreover denied his motion to stay. In this way, the trial court combined Mr. Lykes' brief and motions, consolidating their disposals as though they were one and the same.

{¶20} The trial court did not consider the unique posture of this administrative appeal before imposing the harshest sanction possible. What is clear from the judgment entry, however, is that the trial court construed Mr. Lykes' "brief and opposition of motion to dismiss" as a merit brief in support of his administrative appeal. The trial court then rejected the brief as substantively deficient. Again, we reiterate that we form no conclusions as to the merit of Mr. Lykes' administrative appeal. However, the filing of an appellant's brief, irrespective of its substantive merit, necessarily precludes a finding of a failure to prosecute. Accordingly, under the unique circumstances of this action, this Court concludes that the trial court erred by dismissing Mr. Lykes' administrative appeal on the basis of his failure to prosecute.

{¶21} Mr. Lykes did not receive notice of the hearing before the Akron Housing Appeals Board and did not participate in those proceedings because he had no ownership interest in the 240 Storer Avenue property at that time. He acquired ownership of the property after the board issued the condemnation order. It is not clear what assignments of error he might have raised regarding the administrative hearing, and that issue is not now before this Court. However, when he contacted the city after acquiring the property about his options to prevent the demolition of the house he just purchased, he was advised by the hearing officer that his only recourse was to file an administrative appeal. He did just that. Thereafter, based on his status as the after-the-fact owner of the property, he sought, albeit clumsily, a stay of the condemnation order and equitable relief from an order which only subsequently implicated his interests after it was issued.

{¶22} Rather than according Mr. Lykes the opportunity to try his case under extremely unusual circumstances, the trial court commingled and confused the issues raised and improperly dismissed the matter despite Mr. Lykes' active prosecution of his appeal. The record is clear that

Mr. Lykes in fact attempted to prosecute his appeal, notwithstanding the inartful manner in which he proceeded. Therefore, this is not the case where the party was dilatory in prosecuting his administrative appeal. Under these circumstances, this Court concludes that the trial court abused its discretion and acted unreasonably in dismissing the administrative appeal. Mr. Lykes' assignment of error is sustained.

## III.

**{¶23}** Mr. Lykes' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

> DONNA J. CARR
> FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MICHAEL D. LYKES, pro se, Appellant.

CHERI B. CUNNINGHAM, Director of Law, and JOHN R. YORK and SEAN W. VOLLMAN, Assistant Directors of Law, for Appellee.