[Cite as *Postan v. Postan*, 2022-Ohio-4141.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| EDWARD A. POSTAN | C.A. No. 20CA0047-M |
| Appellan | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AMY E. POSTAN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 19-DR-0089 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2022

TEODOSIO, Presiding Judge.

{¶1} Plaintiff-Appellant, Edward Postan ("Husband"), appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, dismissing his complaint for divorce against Defendant-Appellee, Amy Postan ("Wife"). This Court reverses.

I.

{¶2} Husband and Wife married in 1999 and had one child during their marriage. In 2019, Husband filed a complaint for divorce from Wife, and Wife filed a counterclaim for the same. Temporary orders were issued, and discovery ensued. Following additional proceedings regarding the trial court's temporary orders, a divorce trial was set for February 25, 2020.

{¶3} The trial court did not issue any orders following the scheduled trial date, and the record does not contain a transcript of any proceedings that occurred on that date. On June 16, 2020, however, Husband filed a motion to reduce the parties' in-court settlement to judgment. In his motion, Husband alleged that the parties had spent the scheduled trial date negotiating and

reaching a final settlement. He further alleged that the court had directed Wife's counsel to submit a typed and signed copy of their settlement agreement to the court no later than June 18, 2020. Husband indicated in his written motion that he had signed the settlement agreement prepared by Wife's counsel, but Wife was refusing to sign the agreement. Husband asked the court to adopt the prepared agreement as its judgment. Husband attached to his motion copies of (1) a handwritten in-court settlement agreement signed by Husband and Wife, (2) an unsigned, typewritten separation and property settlement agreement, and (3) a proposed agreed judgment entry of divorce.

{¶4} Two days after Husband filed his motion, Wife filed a responsive motion. Wife moved the trial court to deny Husband's motion, to strike the attachments to his motion, and to schedule the matter for a final hearing. Wife indicated that the parties had not reached a full settlement and that the proposed settlement agreement Husband had attached to his motion contained terms to which she did not agree. Because Wife alleged that the parties were not in agreement as to all the terms of their divorce, she asked the trial court to set the matter for a final hearing at which the parties would have the opportunity to present evidence.

{¶5} On July 24, 2020, the trial court entered a judgment entry of dismissal "based on the parties' failure to submit a signed agreed judgment entry for review * * * and failure to appear to present testimony in support of that agreement." The trial court noted that the parties had engaged in settlement negotiations on the day of the scheduled trial. The court wrote:

> On that date, counsel was cautioned that a failure to submit [an] entry and appear for subsequently scheduled uncontested hearing would result in a dismissal of any and all pending claims. Counsel and parties agreed that this matter would be dismissed if a final agreed judgment entry was not submitted to the Court.

Because neither party had submitted a signed, agreed judgment entry as of the date of the trial court's entry, it dismissed Husband's complaint and Wife's counterclaim for divorce. The court also denied as moot all pending motions.

{¶6} Husband now appeals from the trial court's judgment entry of dismissal and raises two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DISMISSING EDWARD A. POSTAN'S COMPLAINT FOR DIVORCE 1) BEFORE ESTABLISHING GROUNDS FOR THE INVOLUNTARY DISMISSAL – FAILURE TO PROSECUTE, COMPLY WITH OHIO CIVIL RULES OF PROCEDURE, AND/OR COMPLY WITH ORDERS, UNDER OHIO CIVIL RULE OF PROCEDURE 41(B)(1), AND 2) BEFORE PROVIDING THE REQUIRED NOTICE TO PLAINTIFF'S COUNSEL, UNDER OHIO CIVIL RULE OF PROCEDURE 41(B)(1).

{¶7} In his first assignment of error, Husband argues that the trial court erred when it dismissed his complaint for divorce. Specifically, he argues that the trial court failed to establish the grounds for an involuntary dismissal and failed to provide him notice of its intent to dismiss his complaint. For the following reasons, this Court sustains Husband's assignment of error.

{¶8} "Civ.R. 41 governs the dismissal of actions * * *." *Patterson v. New Partners Ltd.*, 9th Dist. Summit No. 29448, 2020-Ohio-1017, ¶ 21. The rule provides, in relevant part, that

[w]here the plaintiff fails to prosecute, or comply with [the Ohio Rules of Civil Procedure] or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

Civ.R. 41(B)(1). "[T]he language of the rule itself suggests that, before an action may be dismissed by the court for failure to comply with an order of the court, plaintiff's counsel must be notified of the court's intent to dismiss *after* plaintiff fails to comply with an order of the court." (Emphasis sic.) *Esser v. Murphy*, 9th Dist. Summit No. 25945, 2012-Ohio-1168, ¶ 10. Accordingly, counsel

must be "informed that dismissal is a possibility" and given "a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46 (1997), syllabus. "The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." *Sazima v. Chalko*, 86 Ohio St.3d 151, 155 (1999).

{¶9}    "This Court reviews a trial court's dismissal under Civ.R. 41(B)(1) for an abuse of discretion." *Cleavenger v. B.O.*, 9th Dist. Summit No. 29875, 2022-Ohio-454, ¶ 28.  An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  This Court has found that "[f]ailure to provide [] notice [under Civ.R. 41(B)(1)] is reversible error." *EMC Mtge. Corp. v. Atkinson*, 9th Dist. Summit No. 27283, 2015-Ohio-1800, ¶ 16.  Likewise, "[i]n the context of a Civ.R. 41(B)(1) dismissal, we have stated that an abuse of discretion will be found where the trial court has not considered other less drastic alternatives." *Esser* at ¶ 13.

{¶10}   The trial court scheduled this matter for trial on February 25, 2020.  It is apparent from the record that the scheduled trial did not occur because the parties attempted to negotiate a settlement.  Following the scheduled trial date, however, the trial court did not issue any further orders until its judgment entry of dismissal.  The trial court wrote in its judgment entry that the case was dismissed "based on the parties' failure to submit a signed agreed judgment entry for review * * * and failure to appear to present testimony in support of that agreement."  It further wrote that "counsel was cautioned that a failure to submit [an] entry and appear for subsequently scheduled uncontested hearing would result in dismissal of any and all pending claims."  Thus, it appears that the trial court dismissed the case because the parties failed to comply with a court

order; to wit: that the parties submit a signed agreed judgment entry and appear for an uncontested hearing to present testimony in support of that entry.

{¶11}  Although Civ.R. 41(B)(1) permits a trial court to dismiss an action if a plaintiff fails to comply with any court order, the record is devoid of any order of the court with which Husband failed to comply.  The trial court never scheduled any further proceedings or hearing dates following the trial.  Moreover, prior to the judgment entry of dismissal, the record does not contain any caution from the trial court regarding its intent to dismiss the action if the parties failed to take certain actions.  The plain language of Civ.R. 41(B)(1) specifically contemplates plaintiff's counsel being "notified of the court's intent to dismiss *after* plaintiff fails to comply with an order of the court." (Emphasis sic.)  *Esser*, 2012-Ohio-1168, at ¶ 10.  Assuming without deciding that it would have been proper for the trial court to dismiss the case with advance notice to Husband,[1] the record does not support the conclusion that Husband was afforded "a reasonable opportunity to defend against dismissal" following an order of the trial court.  *Quonset Hut, Inc.*, 80 Ohio St.3d 46, at syllabus.  Thus, we must conclude that the trial court abused its discretion when it dismissed the action.  *See EMC Mtge. Corp.*, 2015-Ohio-1800, at ¶ 16.

{¶12}  In reaching the foregoing conclusion, this Court rejects Wife's argument that this appeal is moot.  Wife claims that the appeal is moot because, following the trial court's dismissal of Husband's complaint, Wife filed her own complaint for divorce.  Yet, a matter becomes moot

---

[1] Notably, Husband did file a copy of a settlement agreement that he signed.  He notified the court that Wife's counsel had prepared the agreement, but Wife was refusing to sign it.  Meanwhile, Wife notified the court that the parties were still negotiating, the agreement was incomplete, and she did not agree to all of the terms contained therein.  It appears that the parties were actively litigating the suit at the time of dismissal; they simply could not reach an agreement.  *Compare Dick v. Am. Motors Sales Corp.*, 14 Ohio App.3d 322, 324-325 (1st Dist.1984).  Because the absence of any notice to Husband regarding the possibility of dismissal is dispositive, this Court need not consider whether, with proper notice, it would have been appropriate for the trial court to dismiss the action based on Husband's inability to secure Wife's agreement to the settlement.

when there is no actual controversy to decide or "when, pending an appeal from the judgment of a lower court, *and without any fault of the defendant*, an event occurs which renders it impossible for [an appellate court], if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever * * *." (Emphasis added.) *Miner v. Witt*, 82 Ohio St. 237, 239 (1910). Wife has not established that no live controversy exists between the parties. Further, this Court will not conclude that Husband's appeal is moot based on Wife's decision to file her own complaint in a separate proceeding. *See id.* Because the record reflects that the trial court abused its discretion when it dismissed Husband's case, this Court sustains Husband's first assignment of error.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY 1) FAILING TO HOLD A HEARING ON THE PARTIES' PENDING MOTIONS: A) EDWARD A. POSTAN'S MOTION TO REDUCE IN-COURT SETTLEMENT TO JUDGMENT, AND B) AMY E. POSTAN'S MOTIONS, INCLUDING HER MOTION TO SCHEDULE A FINAL HEARING, AND 2) SUMMARILY DISMISSING EDWARD A. POSTAN'S COMPLAINT FOR DIVORCE AND AMY E. POSTAN'S COUNTERCLAIM.

{¶13} In his second assignment of error, Husband argues that the trial court erred when it summarily dismissed his complaint and Wife's counterclaim without holding a hearing on the parties' pending motions. This Court has already determined that this matter must be reversed and remanded due to the trial court's erroneous dismissal of the complaint. Pursuant to that determination, the case will be reinstated on the trial court's docket, and the parties will be placed in the same position that they were before the court dismissed the complaint. *Szymczak v. Tanner*, 9th Dist. Medina No. 12CA0092-M, 2013-Ohio-4277, ¶ 12. Given that resolution, we must conclude that portions of Husband's argument are moot while others are premature. Thus, we

decline to address his second assignment of error. *See* App.R. 12(A)(1)(c); *Matus v. Jacts Group, LLC*, 9th Dist. Medina No. 17CA0056-M, 2018-Ohio-1439, ¶ 14.

### III.

**{¶14}** Husband's first assignment of error is sustained. Pursuant to that determination, this Court declines to address the merits of his second assignment of error. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOSEPH BANCSI, Attorney at Law, for Appellant.

RENEE F. EUBANKS, Attorney at Law, for Appellee.