**[Cite as *Campolo v. Przytulski*, 2025-Ohio-5804.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MARK CAMPOLO

    Appellant

    v.

JEFFREY PRZYTULSKI, et al.

    Appellees

C.A. No.      25CA012265

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23 CV 209810

DECISION AND JOURNAL ENTRY

Dated: December 30, 2025

---

HENSAL, Judge.

{¶1}    Mark Campolo appeals an order of the Lorain County Court of Common Pleas that dismissed his complaint with prejudice. This Court affirms.

I.

{¶2}    Mr. Campolo filed a complaint against Mr. Przytulski individually, doing business as Prime Asset Equity, and as trustee of the Jeffrey J. Przytulski Trust, alleging various violations of Ohio securities law, breach of contract, and fraudulent misrepresentation. The complaint asserted that Mr. Campolo was entitled to recission of his allegedly fraudulent investment under Revised Code Section 1782.242, compensatory damages, and punitive damages. On June 14, 2024, the parties filed cross-motions for summary judgment. Both responded, and on July 26, 2024, the trial court denied the motions because it determined that there were genuine issues of material fact.

{¶3}  On July 27, 2024, the trial court ordered the parties to complete all fact discovery by September 30, 2024, and to provide expert discovery and reports by November 29, 2024.  On October 3, 2024, the trial court extended Mr. Campolo's deadlines to December 2, 2024, and January 31, 2025, respectively.  On December 4, 2024, Mr. Przytulski moved to compel Mr. Campolo to respond to discovery requests propounded on August 19, 2024.  Mr. Przytulski renewed the motion to compel on January 4, 2025, noting that Mr. Campolo still had not responded.  Mr. Campolo moved for a further extension of the discovery deadlines on January 21, 2025.  The trial court granted the motion to compel on February 4, 2025, ordering Mr. Campolo to respond to the discovery requests by March 7, 2025, and noting that "[f]ailure to comply with this order may result in sanctions under Civ.R. 37(B), including a dismissal of the action."

{¶4}  On March 5, 2025, Mr. Campolo filed notice that he had served answers to Mr. Przytulski's discovery requests.  Mr. Przytulski, however, moved to dismiss the complaint for failure to prosecute because Mr. Campolo's responses "[were] woefully inadequate, failing to fully and completely respond, rather promising that they would be supplemented at some indefinite time in the future."  On April 10, 2025, the trial court dismissed the complaint with prejudice.  Mr. Campolo appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ITS ABUSE [OF] DISCRETION IN DISMISSING THE APPELLANT'S CASE *WITH PREJUDICE* AS A DISCOVERY SANCTION; [T]HIS DISMISSAL, ACCOMPLISHED WITHOUT ADEQUATE WARNING AND DESPITE THE FACT THAT MR. CAMPOLO (BEING A VICTIM OF CRIME) HAD PROSECUTED HIS CLAIM AND DID RESPOND TO DISCOVERY RESPONSES OF DEFENDANTS TO THE BEST OF HIS THEN PRESENT ABILITY.  THE DISMISSAL ORDERED WHILE CRIMINAL INVESTIGATIONS WERE ONGOING BUT YET TO BE COMPLETED.  THE INVESTIGATION OF DEFENDANTS YET COMPLETE BY STATE

AGENCIES IN PART REQUESTED BY A FORMER COMMON PLEAS COURT JUDGE NOW RETIRED. THE DISMISSAL WITH PREJUDICE REPRESENTS A VIOLATION OF MR. CAMPOLO'S RIGHTS UNDER ARTICLE I, SECTION 10A OF THE OHIO CONSTITUTION. THE TRIAL COURT ERRED IN SANCTIONING A DISMISSAL OF APPELLANT CAMPOLO'S CASE *WITH PREJUDICE* AND DENYING HIM THE OPPORTUNITY TO SEEK DAMAGES AND COMPENSATION AS A VICTIM OF CRIME FROM THE CRIMINAL DEFENDANTS, INCLUDING A DEFENDANT RELATIVE SCAMMER WHO VIOLATED OHIO LAW AND DEFRAUDED HIM AND STOLE $85,000 FROM HIM. THE TRIAL COURT'S DECISION AND RULING TO DISMISS MR. CAMPOLO'S CASE WITH PREJUDICE TO REFILING UNDER THE FACTS OF THIS CASE WAS ARBITRARY, UNREASONABLE, UNJUST, AND AGAINST CONCEPTS OF DUE PROCESS AND PROCEDURAL DUE PROCESS.

{¶5} Mr. Campolo's assignment of error argues that the trial court abused its discretion by dismissing his complaint with prejudice without notice and when "[d]iscovery had been provided to [Mr. Przytulski] by Campolo in good faith." Mr. Campolo also suggests that because he is the victim of an alleged crime, the dismissal violated Marsy's Law.

{¶6} "It is well established that a trial court has broad discretion to impose sanctions against a party violating the discovery rules, and an appellate court will not reverse the trial court's determination on this issue absent an abuse of discretion." *Haddad v. English*, 145 Ohio App.3d 598, 603 (9th Dist. 2001). Civil Rule 37(A)(3) permits a party to file a motion to compel when another party fails to respond to discovery requests. If a party from whom discovery is sought fails to comply with an order compelling discovery, a trial court "may issue further just orders" including "[d]ismissing the action or proceeding in whole or in part . . . ." Civ.R. 37(B)(1)(e). The notice requirements set forth in Rule 41(B)(1) apply to "*all* dismissals with prejudice, including those entered . . . for failure to comply with discovery orders." *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). Consequently, dismissal is only appropriate as a discovery sanction "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." (Emphasis omitted.) *Hillabrand v. Drypers Corp.*, 87

Ohio St.3d 517, 518 (2000), quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46 (1997), syllabus. "Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full." *Mindala* at 101. A pending motion to dismiss is sufficient under Rule 41(B)(1) for notice to be charged to the plaintiff. *Sunkin v. Collison Pro, Inc.*, 2007-Ohio-6046, ¶ 16 (9th Dist.), citing *Sazima v. Chalko*, 86 Ohio St.3d 151 (1999), syllabus.

{¶7} Mr. Campolo had notice that the trial court might dismiss his complaint for failure to respond to Mr. Przytulski's discovery requests. Mr. Przytulski moved the trial court to compel Mr. Campolo to respond or, in the alternative, to dismiss the complaint. When the trial court granted Mr. Przytulski's motion to compel on February 4, 2025, it set a new deadline for Mr. Campolo's discovery responses and informed him that failure to comply could result in "sanctions under Civ.R. 37(B), including a dismissal of the action." On March 11, 2025, Mr. Przytulski moved to dismiss the complaint as a discovery sanction, and Mr. Campolo responded. In these circumstances, the notice requirement of Rule 41(B)(1) was satisfied because Mr. Campolo had notice "that the action [was] actually in jeopardy of being dismissed" and had "a corresponding opportunity to explain or cure the deficiency." *Esser v. Murphy*, 2012-Ohio-1168, ¶ 11 (9th Dist.).

{¶8} Mr. Campolo also appears to argue that the trial court abused its discretion by dismissing his complaint because dismissal was not warranted under the circumstances. Specifically, he maintains that he "ha[d] provided facts, documents and evidence in good faith in the prosecution of his case" and "[n]o legitimate case can be made that he . . . disobeyed a court discovery order or acted in bad faith or willfully disobeyed an order of the court."

{¶9} This Court has explained that the determination of which discovery sanction should be imposed under Rule 37(B)(2) "is exclusively within the trial court's discretion . . . ." *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (9th Dist. 1987). Consequently, "[t]he

appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of a sanction." *Id*. In exercising this discretion, a trial court must "consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate." *Id*.

{¶10} When it granted the motion to dismiss, the trial court explained its analysis of these factors:

> When considering the appropriate sanction in this matter, the Court reviewed the entire history of the case. What the record reflects is not only [Mr. Campolo's] failure to abide by the Court's deadlines, but also his failure to proactively address the delays. Even after the Court extended the already lengthy discovery cutoff at a status conference, it was [Mr. Przytulski], not [Mr. Campolo], who moved for court intervention. On [Mr. Przytulski's] motions to compel, the Court again granted [Mr. Campolo] more time to comply and again [he] flouted the Court's order by submitting a staggeringly deficient discovery response. The Court finds a severe sanction is appropriate when presented with severe contumaciousness. . . . After 20 months spent languishing in litigation, [Mr. Przytulski] has still not seen the cards being played against him. . . .

Mr. Campolo's argument on appeal consists of a recitation of the facts that he alleged in his complaint. He also appears to reference his own fifty-page affidavit that was submitted in response to Mr. Przytulski's motion for summary judgment, which in turn reiterates the arguments made in the complaint. As he argued in the trial court, Mr. Campolo has reiterated the assertion that the nature of the conduct alleged in the complaint placed him at the mercy of government agencies who were charged with investigating the allegations. In this respect, however, at oral argument and in his brief, Mr. Campolo resorts to facts that are not contained in the record. Although he references a "Book of Evidence" that he provided to Mr. Przytulski and filed with trial court, no such document is part of the record. This Court cannot conclude under these circumstances that

the trial court abused its discretion by dismissing Mr. Campolo's complaint as a sanction under Rule 37(B)(1)(e).

{¶11} Mr. Campolo's final argument appears to be that because the facts alleged in his complaint constitute criminal activity, Marsy's Law prevented the trial court from dismissing the complaint as a discovery sanction because he is the victim of a crime. Mr. Campolo has not developed an argument in support of this assertion, however, and this Court declines to develop an argument on his behalf. *See Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998).

{¶12} The trial court did not abuse its discretion by dismissing Mr. Campolo's complaint as a discovery sanction. Mr. Campolo's assignment of error is overruled.

III.

{¶13} Mr. Campolo's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

CHRISTOPHER G. MULVANEY, Attorney at Law, for Appellee.