[Cite as *Wells v. Wells*, 2017-Ohio-7694.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| MICHELLE L. WELLS | | C.A. No. 28555 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KACY C. WELLS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2013-08-2269 |

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

HENSAL, Presiding Judge.

{¶1} Kacy Wells appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that amended a separation agreement he entered into with Michelle Wells that the court incorporated into its decree of divorce. For the following reasons, this Court reverses.

I.

{¶2} The parties divorced in 2014. They have two children and are also the legal guardian of another. Following the trial court's entry of a decree of divorce, which incorporated the parties' separation agreement, the parties realized that the decree did not address college savings accounts they had created for each of the children. Unable to reach an agreement about the accounts, Ms. Wells moved for an order vacating or modifying the decree. The trial court granted her motion and indicated that, if the matter required further hearing, the parties should contact the assigned magistrate.

{¶3}    Following the court's entry, Ms. Wells prepared a proposed order and sent it to Mr. Wells for review.  According to Ms. Wells, Mr. Wells did not respond so she submitted the proposed order to the trial court, which approved it.  Mr. Wells has appealed, assigning as error that the trial court incorrectly modified the parties' separation agreement.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN MODIFYING THE PARTIES['] SEPARATION AGREEMENT WITHOUT A HEARING PURSUANT TO AN ORDER SUBMITTED BY WIFE WITHOUT THE APPROVAL OF HUSBAND.

{¶4}    Mr. Wells argues that the trial court erred when it approved Ms. Wells's proposed order because there was nothing in the record that suggested they both agreed to it.  He notes that this is not a situation where the trial court made a decision based on the evidence before it and then ordered one of the parties to prepare a proposed judgment entry.  He also notes that, because the new property being divided was overlooked at the time of the original decree, there is no evidence in the record that supports the court's division of the property.

{¶5}    Rule 28 of the Summit County Court of Common Pleas, Domestic Relations Division, provides that the court "may order either party to prepare the judgment entry."  It also provides that, if the party that was not ordered to prepare the entry fails to take any action within seven days after receiving it, the party that prepared the entry may "present the entry for journalization by certifying that the judgment entry was submitted to the opposing party and that no response was made."  That rule does not apply here, however, because the order that granted Ms. Wells's motion for relief from judgment did not direct her to prepare a judgment entry.

{¶6}    "[T]he traditional notions of due process accorded by the United States Constitution [are] 'notice and opportunity for hearing appropriate to the nature of the case.'"

*Martin v. Dietrich*, 9th Dist. Summit No. 19212, 1999 WL 1059677, *2 (Nov. 17, 1999), quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183 (1990). Although the record suggests that Ms. Wells sent Mr. Wells a copy of the proposed order, there is no evidence that she notified Mr. Wells that she intended to submit the order to the court if he did not approve it or did not respond. There is also nothing in the record to indicate that Mr. Wells was informed Ms. Wells had submitted a proposed order to the court or that he was provided an opportunity to object or otherwise respond to her submission. We, therefore, conclude that the trial court violated Mr. Wells's due process rights when it approved the proposed order without providing notice to Mr. Wells and an opportunity to respond. Mr. Wells's assignment of error is sustained.

III.

**{¶7}** Mr. Wells's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

4

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RANDAL A. LOWRY, Attorney at Law, for Appellant.

KENNETH L. GIBSON, Attorney at Law, for Appellant.

DAVID H. FERGUSON, Attorney at Law, for Appellee.