[Cite as *Salem v. Hammouda*, 2023-Ohio-4508.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

NASSER SALEM

    Appellant

    v.

FATEN HAMMOUDA

    Appellee

C.A. No.     30563

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2021 06 1608

DECISION AND JOURNAL ENTRY

Dated: December 13, 2023

---

CARR, Judge.

{¶1}    Plaintiff-Appellant Nasser Salem ("Husband") appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2}    Husband and Defendant-Appellee Faten Hammouda ("Wife") were married on October 15, 2011. Two children were born of the marriage. On June 10, 2021, Husband filed a complaint for divorce. In August 2021, Wife filed an answer and counterclaim for divorce.

{¶3}    On October 20, 2021, Wife filed a notice that discovery requests were served upon counsel for Husband that day. On November 16, 2021, Husband filed a notice of submission of his answers to discovery. On November 18, 2021, Wife filed a motion to compel along with a request for sanctions and attorney fees due to Husband's failure to provide full and complete answers to the discovery requests. Therein, Wife pointed to several discovery requests she found to be evasive or incomplete and indicated that Wife's counsel had requested that Husband comply

with the requests, citing to an attachment that unfortunately is not attached. Wife requested a hearing on the motion and asked that the trial court order Husband to properly respond to discovery, award Wife costs and attorney fees, and notify Husband that the trial court will dismiss any claim of premarital property by Husband if Husband fails to comply with discovery. That same day, the trial court issued an entry ordering a hearing on the matter to take place December 16, 2021.

{¶4}  In February 2022, Husband filed a motion to deem unanswered requests for admission deemed admitted. Wife opposed the motion asserting it was frivolous and requested fees be paid to her counsel. Husband withdrew the motion.

{¶5}  In April 2022, Wife filed a motion to deem all property owned by the parties as marital due to Husband's failure to comply with a prior trial court order with respect to the marital balance sheet. Husband opposed the motion, but the trial court granted it April 25, 2022.

{¶6}  On April 28, 2022, Husband filed a motion seeking treble damages alleging Wife willfully hid assets. On May 10, 2022, Wife filed a brief in opposition. Husband's motion was later denied.

{¶7}  On June 2, 2022, Wife filed a motion seeking attorney fees and/or sanctions. Therein, Wife asserted that Husband's conduct resulted in delays and expenses that otherwise would not have been incurred. Wife pointed to Husband's continuing failure to provide discovery, pointing to attachments that are not present in this Court's record.

{¶8}  On June 24, 2022, Husband filed a motion pursuant to Civ.R. 60(B) to vacate the trial court's April 25, 2022 order. Husband requested a hearing, which was subsequently held on September 6, 2022. On October 20, 2022, the trial court granted the motion. In so doing, the trial court noted that "it is clear from a review of the docket filings that [Husband] has continually not

provided all the information requested [by Wife] in order to have a complete picture of ALL of the property owned by both parties. It was evident in the cross-examination of [Husband] by [Wife's] counsel at the 60(B) hearing that [Husband] has been evading providing complete discovery responses to [Wife's] counsel throughout the course of this case. Therefore, the martial balance sheet shall be INITIATED BY [HUSBAND] AND PROVIDED TO [WIFE] by October 31, 2022." (Emphasis in original.)

**{¶9}** On November 1, 2022, Wife filed a motion to compel discovery as Wife asserted that she still did not have the discovery requested in Wife's November 18, 2021 motion to compel. Wife pointed to testimony from the Civ.R. 60(B) hearing in support of her argument and also attached exhibits including the prior motion and emails from February 2022 evidencing Wife's efforts to obtain discovery. Wife additionally sought attorney fees.

**{¶10}** On November 2, 2022, the trial court issued an order granting the motion to compel and ordering that the responses to discovery be provided prior to November 16, 2022. However, the trial court also ordered there would be a hearing on the motion to compel on November 9, 2022. The trial court indicated that, "[a]t that time, the Court will schedule the trial date. [Wife's] Counsel is to be prepared to put on evidence of attorney's fees expended, and [Husband's]counsel is to be prepared to respond to each specific interrogatory and request for production of documents that have not had a sufficient response. Failure to provide sufficient discovery responses to prepare for trial shall result in this Court's dismissal of this action, without prejudice."

**{¶11}** On November 8, 2022, Husband filed a brief in opposition asserting that Wife had not made a good faith effort to resolve the dispute without court action and argued that an award of attorney fees to Wife would be unjust. Additionally, Husband maintained that some of the discovery had been provided. Therein, Husband also stated that he "[wa]s not making the

argument that he does not need to provide a response to [Wife's] discovery request, rather the argument is that [Wife's] motions do not comply with the Ohio Civil Rules of Procedure and her actions bar the requested relief, therefore, any request should be denied." On November 9, 2022, Wife filed a brief in support and for fees pursuant to Civ.R. 37 and R.C. 3105.73. Wife sought reasonable expenses and fees incurred in prosecuting the motion to compel pursuant to Civ.R. 37 and an order for reasonable attorney fees of $30,000 pursuant to R.C. 3105.73. Hearings were held November 9, 2022 and December 1, 2022.

{¶12} On November 17, 2022, Wife filed a notice of failure to provide discovery prior to November 16, 2022. Wife argued that the trial court should dismiss the matter and impose sanctions. Husband filed a notice of service of discovery on November 30, 2022. On December 7, 2022, Wife filed a notice that Husband did not serve full and complete discovery responses despite his notice to the contrary. Wife moved for sanctions. The next day, Wife filed a billing summary of fees incurred in the matter, which totaled $37,500.

{¶13} On December 16, 2022, the trial court issued a judgment entry awarding Wife $37,500 in attorney fees and dismissing the matter without prejudice.

{¶14} Husband has appealed, raising eight assignments of error for our review. Husband has inappropriately addressed several assignments of error together in his brief. While this Court could disregard these assignments of error, we will nonetheless address the merits of them, in the groupings provided by Husband, in the interest of justice. *See State v. Robinson*, 9th Dist. Summit No. 28982, 2019-Ohio-518, ¶ 3.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS
DISCRETION WHEN IT VIOLATED HUSBAND'S PROCEDURAL DUE

PROCESS RIGHTS BY GRANTING WIFE'S MOTIONS TO COMPEL WITHOUT PROVIDING HUSBAND AN OPPORTUNITY TO BE HEARD.

{¶15} Husband argues in his first assignment of error that the trial court erred by twice granting Wife's motions to compel without providing Husband an opportunity to be heard. Husband asserts that the trial court granted Wife's November 18, 2021 motion to compel the same day it was filed and her November 1, 2022 motion to compel the day after it was filed thereby denying Husband access to the court to challenge the motion.

{¶16} First, contrary to Husband's assertion, the trial court did not grant Wife's November 2021 motion to compel the day it was filed. The day it was filed, the trial court signed an order scheduling the matter for a hearing. Thus, the first portion of Husband's argument is without merit.

{¶17} With respect to the November 2022 motion to compel, the record does reflect that the trial court granted the motion to compel the day after it was filed. However, in that entry, the trial court also ordered a hearing on the motion. The hearing was scheduled for November 9, 2022 and an additional hearing was held December 1, 2022.

{¶18} On November 8, 2022, Husband filed a brief in opposition to the motion to compel. Therein, Husband informed the trial court that he "[wa]s not making the argument that he does not need to provide a response to [Wife's] discovery request, rather the argument is that [Wife's] motions do not comply with the Ohio Civil Rules of Procedure and her actions bar the requested relief, therefore, any request should be denied." Thus, essentially, Husband's contention was not that the discovery should not be provided, but that Husband should not be sanctioned due to Wife's failure to comply with Civ.R. 37 and because it would be inequitable.

{¶19} At the hearing, Husband's counsel presented arguments similar to those in his brief in opposition, cross-examined Wife's witnesses, and also called Wife as a witness at the December 1, 2022 hearing.

{¶20} Thus, even assuming that the trial court erred in granting the November 2022 motion to compel the day after it was filed, we fail to see how Husband was ultimately prejudiced or not afforded due process. *See Wells v. Wells*, 9th Dist. Summit No. 28555, 2017-Ohio-7694, ¶ 6 ("[T]he traditional notions of due process accorded by the United States Constitution [are] notice and opportunity for hearing appropriate to the nature of the case.") (Internal quotations and citations omitted.). Husband did file a brief in opposition, made similar arguments at the hearings, and questioned witnesses. Moreover, Husband's main argument was that Wife should not receive attorney fees, not that Wife was not entitled to the discovery, matters that Husband was able to be heard on in the trial court. The fact that Husband was unsuccessful does not indicate a lack of due process.

{¶21} Husband's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT GRANTED MOTIONS TO COMPEL DISCOVERY WHEN THE EVIDENCE DEMONSTRATED THAT WIFE FAILED TO COMPLY WITH CIV.R. 37.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT AWARDED WIFE $37,500 IN ATTORNEY FEES UPON A CIV.R. 37 DISCOVERY DISPUTE WHEN THE EVIDENCE DEMONSTRATED THAT WIFE FAILED TO COMPLY WITH CIV.R. 37.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT AWARDED WIFE $37,500 IN ATTORNEY FEES UPON A CIV.R. 37 DISCOVERY DISPUTE WHEN THAT AMOUNT WAS NOT REASONABLY RELATED TO THE DISCOVERY DISPUTE.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT DID NOT SPECIFY WHAT ALTERNATIVE

SANCTIONS WERE CONSIDERED PRIOR TO DISMISSING THE CASE AS A SANCTION.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE CASE AS THIS SANCTION WAS DISPROPORTIONATE TO THE SERIOUSNESS OF THE INFRACTION UNDER THE FACTS OF THE CASE.

{¶22} Husband makes several arguments in his second through sixth assignments of error. He asserts that the trial court erred in granting the motion to compel and awarding attorney fees as a sanction as Wife filed the motions without attempting in good faith to obtain discovery without court action, that the trial court erred in awarding an amount of fees that exceeded the amount related to the discovery dispute, the that trial court erred in not explicitly listing the lesser sanctions it weighed before ordering dismissal, and that the trial court erred in dismissing the action.

{¶23} A trial court possesses discretion in addressing discovery matters and in awarding sanctions. *See Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, ¶ 31 (9th Dist.); *Desai v. Franklin*, 117 Ohio App.3d 679, 2008-Ohio-3957, ¶ 51 (9th Dist.).

{¶24} As to Husband's second assignment of error, asserting that Wife's motions to compel could not be granted without Wife certifying that she made good faith efforts to resolve the dispute without court action, Husband has not developed any argument with respect to this assignment of error. Instead, Husband's argument within his brief focuses on the award of attorney fees.

{¶25} Civ.R. 37(A)(5) indicates that if a motion to compel is granted,

the court shall, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court shall not order this payment if:

(i) The movant filed the motion before attempting in good faith to obtain the discovery without court action;

(ii) The opposing party's response or objection was substantially justified; or

(iii) Other circumstances make an award of expenses unjust.

**{¶26}** Husband points to the fact that Wife filed her initial motion to compel two days after Husband provided his allegedly deficient discovery responses to support his claim that Wife could not have made good faith efforts to resolve the issue without court action. However, Wife's motion to compel states that she "did request from counsel full and complete answers to the requests which [were] sent via hand delivery to the Court and opposing Counsel to prevent private information from being placed on a public medium through the Clerk's Office [and n]o proper responses were received." The motion also indicates that the motion was filed when it was in order to comply with the deadlines in the trial court's discovery orders. The record reflects that on September 30, 3021, the trial court issued an order indicating that discovery was to be completed by November 25, 2021 and stating that motions to compel must be filed no later than seven days before the discovery deadline. Given the foregoing, the timing of Wife's motion cannot be said to be unreasonable. Thus, Husband has not convinced this Court that the timing of Wife's motion inherently demonstrates that Wife did not attempt to resolve the dispute without court action.

**{¶27}** Moreover, subsequent to Wife's initial motion to compel, Husband has not demonstrated on appeal that he opposed that motion or complied with it prior to Wife filing her November 2022 motion to compel. In her 2022 motion to compel, Wife noted that discovery issues were raised with Husband during the Civ.R. 60(B) hearing. In addition, attached to Wife's motion were emails between Husband's then counsel and Wife's counsel from February 2022 evidencing that Husband has still not complied with the discovery requests and that Husband was still "working on the discovery."

**{¶28}** Nearly a year elapsed between Wife's November 2021 motion to compel and her November 2022 motion to compel. We are not convinced by Husband's argument that affirming the trial court's actions of sanctioning a party following a year delay in providing discovery amounts to a "quick fix" or encourages the filing of motions to compel solely to receive attorney fees. Here, the record demonstrates that not only were Wife and Wife's counsel frustrated by Husband's noncompliance, so was the trial court. Even so, the trial court did not sanction Husband until weeks after the trial court noted in its Civ.R. 60(B) entry Husband's prior failures to comply with discovery. Husband has not demonstrated that Wife failed to attempt to obtain the discovery in good faith without court action.

**{¶29}** While Husband states that only a small amount of the attorney fees related to the discovery dispute, Husband has not further developed this argument within this grouping of assignments of error in his main brief. Moreover, the trial court stated in its judgment entry that it was also awarding the fees pursuant to R.C. 3105.73. *See* R.C. 3105.73(A) ("In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."). Husband has made no argument in this grouping of assignments of error as to how the trial court erred in its award of attorney fees when considering both Civ.R. 37 and R.C. 3105.73(A). *See* R.C. 3105.73(C) ("The court may make an award of attorney's fees and litigation expenses under this section in addition to making an award of attorney's fees and litigation expenses under any other provision of the Revised Code or of the Rules of Civil Procedure.").

{¶30} Finally, Husband argues that the trial court erred in failing to consider and list the other sanctions that it considered aside from dismissal and that the sanction of dismissal was not warranted.

{¶31} The trial court dismissed the action without prejudice based upon Husband's failure to comply with trial court orders. In so doing, the trial court referenced both Civ.R. 41(A)(2) and (B)(1), as well as Civ.R. 37 generally.

{¶32} Civ.R. 41(A)(2) states in relevant part that, "[e]xcept as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." Given the language of Civ.R. 41(A)(2), it does not seem applicable as Husband did not seek to dismiss the matter.

{¶33} Civ.R. 41(B)(1) provides that, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." While dismissals pursuant to Civ.R. 41(B) are typically with prejudice, *see* Civ.R. 41(B)(3), here the trial court specifically indicated that the dismissal was without prejudice. We note that Husband has not alleged that the trial court failed to comply with the applicable notice requirements. *See Postan v. Postan*, 9th Dist. Medina No. 20CA0047-M, 2022-Ohio-4141, ¶ 8.

{¶34} Civ.R. 37(B) also provides that:

If a party * * * fails to obey an order to provide or permit discovery, including an order made under Civ.R. 35 or Civ.R. 37(A), the court may issue further just orders. They may include the following:

(a) Directing that the matters embraced in the order or other designated facts shall be taken as established for purposes of the action as the prevailing party claims;

(b) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(c) Striking pleadings in whole or in part;

(d) Staying further proceedings until the order is obeyed dismissing;

(e) Dismissing the action or proceeding in whole or in part;

(f) Rendering a default judgment against the disobedient party; or

(g) Treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination[.]

**{¶35}** With respect to Civ.R. 37(B), this Court has stated:

It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. * * * In deciding, the trial court should look to several factors: the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.

*Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (9th Dist.1987); *Petro Evaluation Servs., Inc. v. Poff*, 9th Dist. Wayne No. 19AP0021, 2020-Ohio-1198, ¶ 27, quoting *Russo* at 178-179.

**{¶36}** Husband's argument that the trial court failed to consider lesser sanctions is without merit. The trial court in its judgment entry specifically stated that it weighed termination versus lesser sanctions and ultimately concluded that dismissal of the action was warranted. Further, Husband has pointed this Court to no authority that mandates that the trial court expressly articulate the alternate sanctions it considered in its judgment entry.

**{¶37}** Moreover, while dismissal is undoubtedly a harsh sanction, the dismissal was without prejudice. Additionally, Husband has not demonstrated to this Court that the sanction was an abuse of discretion. Husband failed to comply with discovery for a very lengthy period of time. In awarding attorney fees, the trial court noted that Husband's actions were "not substantially justified and [Husband] acted with the intent to deprive [Wife] of the information's use in the litigation and prejudiced [Wife] with the incomplete and spotty records which prohibited [Wife]

from bringing her action, supporting her claims and defenses, wasted trial briefing and trial preparation, increased expenses, and the need for additional discovery[.]" In dismissing the action, the trial court concluded that Husband's actions prejudiced Wife, as set forth above, and were done in bad faith.

{¶38} Given the foregoing, we cannot say that Husband has demonstrated that the trial court abused its discretion. Husband's second through sixth assignments of error are overruled.

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT AWARDED WIFE $37,500 FOR ATTORNEY FEES WITHOUT REVIEWING WIFE'S ASSETS AS RELATED TO HER ABILITY TO PAY HER OWN ATTORNEY FEES.

### ASSIGNMENT OF ERROR VIII

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT DENIED HUSBAND'S EFFORT TO PRESENT EVIDENCE THAT WIFE'S ASSETS WERE MORE THAN SUFFICIENT TO PAY HER OWN ATTORNEY FEES.

{¶39} Husband argues in his seventh and eighth assignments of error that the trial court abused its discretion in awarding attorney fees pursuant to R.C. 3105.73 without considering Wife's assets or her ability to pay and in preventing Husband from introducing evidence related to Wife's assets and her ability to pay.

{¶40} R.C. 3105.73(A) provides that:

In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶41} Husband asserts that he was prevented from introducing evidence related to the amount of money in one of Wife's bank accounts. In so doing, he points this Court to *Wells v.*

*Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 42, in support of his argument that the trial court abused its discretion in failing to admit the evidence. However, that portion of *Wells* addresses child support and involved a very different statute. *See id.* at ¶ 44. The child support statute at issue in *Wells required* the trial court to consider the needs and standard of living of the children. *See id.* Because the trial court in *Wells* failed to allow testimony related to those issues, this Court sustained that assignment of error. *See id.* at ¶ 48-49.

{¶42} Here, the statute before us indicates that the trial court *may* consider the parties' marital assets. Thus, the statute does not require the trial court to consider the information Husband sought to admit. The focus of R.C. 3105.73(A) is on equitable considerations. *See Suppan v. Suppan*, 9th Dist. Wayne No. 21AP0040, 2023-Ohio-249, ¶ 44. Further, given that Husband had not responded fully to the discovery requests, the trial court could have reasonably found it inequitable to allow Husband to introduce all the testimony at issue when Husband did not provide all the necessary information, which included financial information, to Wife.

{¶43} Husband has not demonstrated that the trial court abused its discretion.

{¶44} Husband's seventh and eighth assignments of error are overruled.

III.

{¶45} Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Please, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

NICHOLAS KLYMENKO, Attorney at Law, for Appellant.

TONY DALAYANIS, Attorney at Law, for Appellee.